UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA M. HARLEY,<br><br>Plaintiff,<br><br>v.<br><br>CHIPOTLE SERVICES, LLC, a LIMITED Liability Corporation,<br><br>Defendant. | No. 2:15-cv-02495-TLN-AC<br><br>**ORDER** |

This case is set for trial on December 11, 2017. The Court issued a Final Pretrial Order on November 3, 2017. (ECF No. 29.) Defendant Chipotle Services, LLC ("Defendant") now files Objections to the Pretrial Order seeking to add two witnesses at trial. (ECF No. 33.) As to the first witness, Yvonne McClendon, the Court notes she was listed in the parties' Joint Pretrial Statement. (ECF No. 25.) Ms. McClendon was inadvertently omitted from the Court's Final Pretrial Order through no fault of the parties. Additionally, Plaintiff Ana Harley ("Plaintiff") will not be prejudiced by adding Ms. McClendon as a testifying witness because she was previously disclosed to Plaintiff and was included in the Joint Pretrial Statement signed by Plaintiff's counsel. Accordingly, the Court hereby AMENDS its Final Pretrial Order to include Yvonne McClendon as a potential witness at trial.

As to the second proposed witness, Aurora Rosales, Ms. Rosales was not previously

1

disclosed in the parties' Joint Pretrial Statement. According to the Court's Final Pretrial Order, in order to add a witness not listed in the order Defendant must demonstrate that either the witness (1) is being used for rebutting evidence which could not have been anticipated at the Final Pretrial Conference, or (2) was discovered after the Final Pretrial Conference. (ECF No. 29 at 4.) Defendant does not mention that Ms. Rosales is being used to rebut evidence. Accordingly, the Court turns to whether or not she was discovered after the Final Pretrial Conference.

To include a witness discovered after the Final Pretrial Conference the proffering party must show: (1) the witness could not reasonably have been discovered prior to pretrial; (2) the Court and opposing counsel were promptly notified upon discovery of the witness; (3) if time permitted, counsel proffered the witness for deposition; and (4) if time did not permit, a reasonable summary of the witness's testimony was provided by opposing counsel. (ECF No. 29 at 4.) Defendant states as a reason for permitting Ms. Rosales to testify that she was first disclosed as a potential witness at Plaintiff's deposition on September 25, 2017. (ECF No. 33 at 2.) Defendant further states it was only able to confirm Ms. Rosales was a percipient witness after the Final Pretrial Conference. (ECF No. 33 at 2.) The Court's order requires knowledge of the witness prior to the Final Pretrial Conference not confirmation of the usefulness of the witness. Thus, Defendant cannot meet the requirements of this Court's order as Defendant admits it knew of Ms. Rosales as early as September 25, 2017, twenty-four days before the Final Pretrial Conference. Accordingly, Defendant's request to add Aurora Rosales as a witness at trial is hereby DENIED.

IT IS SO ORDERED.

Dated: November 21, 2017

Troy L. Nunley
United States District Judge